Jasen, J.
(concurring). I agree with the majority that the laboratory equipment seized in the basement of defendant’s house should have been suppressed. In regard to the third plate of methaqualone and the gelatin capsules obtained from defendant’s bedroom, the People assert that defendant, by informing Detective Sievers of the presence of this contraband in the bedroom, abandoned his expectation of privacy in that room as to those items and, therefore, the warrantless search of the bedroom was proper. (See United States v Candella, 469 F2d 173, 175.) Inasmuch as the People failed to raise this contention at the suppression hearing despite having had a full opportunity to do so, they may not now raise it on appeal as an alternative theory to sustain the warrantless search of the bedroom. (People v Payton, 51 NY2d 169, 177; People v Havelka, 45 NY2d 636,642-643.) Hence, I am constrained to concur in the suppression of the evidence obtained as a result of that portion of the search of defendant’s house.
Chief Judge Cooke and Judges Jones, Wachtler and Meyer concur with Judge Fuchsberg; Judge Jasen concurs in a separate opinion in which Judge Gabrielli concurs.
Order reversed, etc.